IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

M. DENISE TOLLIVER, :

        :  C.A. No. K20C-08-008 WLW

    Plaintiff, :

        :

        :

v.        :

        :

DELAWARE FUTURES, INC., :

HAROLD INGRAM and :

PATRICIA DOWNING, :

        :

    Defendants. :

Submitted:  November 5, 2020
Decided: November 10, 2020

ORDER

Upon Defendants' Motion to Strike
Improper and Immaterial Filings
*Denied.*

M. Denise Tolliver, Plaintiff *pro se*

Tianna S. Bethune, Esquire of Gordon Rees Scully Mansukhani, LLP, Wilmington, Delaware; attorneys for the Defendants.

WITHAM, R.J.

The Court, having considered Defendants' Motion to Strike Improper and Immaterial Filings, and Plaintiff's reply to Defendants' Strike Motion, finds that the Motion is DENIED but the pleadings will not be considered. It appears that:

1. Plaintiff, M. Denise Tolliver ("Plaintiff" or "Tolliver"), a *pro se* litigator, filed an amended complaint against Delaware Futures, Inc., Harold Ingram, and Patricia Downing ( "Delaware Futures") on August 17, 2020 generally alleging that Delaware Futures engaged in unlawful and discriminatory employment hiring practices to job applicants, to include her. It would appear that the thrust of Plaintiff's issues stems from the practice of acceptance of employment applications through *LinkedIn*. Her former employment with Delaware Futures has been referenced in the current litigation before the Court.

2. Tolliver has proceeded to file a number of filings which are not necessary or authorized and are prohibited by the Superior Court Rules of Civil Procedure ("Rules"), the Kent County Superior Court Civil Case Management Plan ("Management Plan") and the Judicial Officers' Civil Case Management Preferences. All are hereinafter referred to as the Rules and Management Plan.

3. Rule 12(f) provides:

> ...Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

4. Initially, with *pro se* litigants, the Court is at liberty to reasonably interpret *pro se* filings in a favorable light to alleviate the technical inaccuracies typical in many *pro se* legal arguments without affecting the other party's rights. Without

2

relaxing procedural requirements, the Court may grant a *pro se* party leeway but may not do so to prevent substantial injustice to opposing parties. The Court may construe the pleading in a way to do justice to all concerned.[1] Yet, it must be understood that the Court expects all parties to be familiar and comply with the Rules and Management Plan.

5. Typically, Motions to Strike are not favored and are granted sparingly if clearly warranted. The Court must consider whether the pleaded matter has some relevancy and is offered in support of a direct issue[2] understanding that one of the litigants is *pro se*. Tolliver is reminded that once a motion is filed by any party and answered by the opposing party, no further response is permitted unless approved by the Court.

6. Delaware claims four filings are improper as they either do not relate to any of the claims at issue in this case or they were filed as responsive pleadings in violation of the Court's Rules and Management Plan.

7. On October 15, 2020, Tolliver filed a document titled "Declaration of M. Denise Tolliver" Docket Trans. I.D. 66024337 This statement with attachments is not filed pursuant to a motion or in response to a motion, and any evidentiary value is undetermined making the documents immaterial at present. The filing will remain but will not be considered.

8. On October 27, 2020, Tolliver filed a document titled "Letter to Judge Re: Defendants Exhibits A-C" Docket Trans. I.D. 66056527. This would appear to be

---

[1]*McGonigle .v Unemployment Insurance Appeal Board*, Del. Super., C. A. No. 00A-09-001, (Sept. 4, 2001), *Vick v. Haller*, 19897 WL 36716 (Del. Super).

[2]*Pack & Process, Inc. v. Celotex Corp.*, 503 A2d 646 (Del. Super. 1985).

an addition to Tolliver's response to Delaware Futures' Motion to Dismiss to object to Delaware Futures' Exhibits A-C. The additional pleading was not authorized by this Court and will not be considered.

9. The third filing objected to by Delaware Futures is a response filed on October 28, 2020 styled as "Plaintiff's Response to Defendants' Opposition to Plaintiff's Default Judgement Reconsideration Motion." Trans. I.D. 66062090. Also filed by Tolliver is a fourth document styled "Opposition to Defendants' Response in Opposition to Plaintiff's Motion to Consolidate." Trans. I.D. 66068029. As Delaware Futures has argued, these responses simply reiterate Tolliver's positions and were filed without leave of the Court and thus will not be considered. They will, however, remain filed.

10. The Court notes that all filings by Tolliver in this civil action must be in compliance with the Rules and Management Plan.

WHEREFORE, it is ORDERED that the pleadings and documents filed by Tolliver which are not compliant with the Rules and Management Plan may remain filed but will not be considered by the Court. The documents in question will hereafter be marked VOID. To be clear, Plaintiff is directed to seek authority in advance before filing any pleadings that are not permitted by the Rules and Management Plan. Defendants' Motion to Strike is DENIED as to the filed documents, but said documents will not be considered.

/s/ William L. Witham, Jr,
Resident Judge

4